13-3462
*Glowczenski et al. v. Taser International Incorporated, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand and fourteen.

PRESENT:  RICHARD C. WESLEY,
          PETER W. HALL,
          GERARD E. LYNCH,
                    *Circuit Judges.*

―――――――――――――――――

MARY JANE GLOWCZENSKI, JEAN GRIFFIN, individually and as the Co-Administrator of the Estate of DAVID GLOWCZENSKI,

                    *Plaintiffs-Appellants,*

          -v.-                                   No. 13-3462

TASER INTERNATIONAL INCORPORATED, VILLAGE OF SOUTHAMPTON, SOUTHAMPTON VILLAGE POLICE DEPARTMENT, POLICE OFFICER

BRIAN PLATT, in his individual and official capacity, POLICE OFFICER MARLA DONOVAN, in her individual and official capacity, POLICE OFFICER CHRIS WETTER, in his individual and official capacity, POLICE OFFICER ARTHUR SCHUCHT, in his individual and official capacity, LIEUTENANT HOWARD LEWIS, in his individual and official capacity, JOHN DOES 1-10, who are known by name to Defendants but as yet not fully known to the Plaintiffs,

*Defendants-Appellees,*

EMT TIM CAMPBELL, EMT MELISSA CROKE, AMBULANCE DRIVER JAMES MOORE, SOUTHHAMPTON VILLAGE VOLUNTEER AMBULANCE, AKA SOUTHAMPTON E.M.T. UNIT, EMT KEITH PHILLIPS, OFFICE OF THE SUFFOLK COUNTY MEDICAL EXAMINER, JAMES C. WILSON, M.D., COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, LIEUTENANT JACK FITZPATRICK,

*Defendants.*

_____

FOR APPELLANTS:    FREDERICK K. BREWINGTON, Hempstead, NY.

FOR APPELLEES:    PAMELA B. PETERSON, Scottsdale, AZ for Taser International, Inc.; LEWIS R. SILVERMAN (Adam C. Guzik, *on the brief*), Rutherford & Christie, LLP, New York, NY for Police Officer Brian Platt; DAVID ARNSTEN, Devitt Spellman Barrett, LLP, Smithtown, NY for remaining Appellees.

Appeal from the United States District Court for the Eastern District of New York (William D. Wall, Magistrate Judge).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the appeal is **DISMISSED** in part, and the

judgment is **AFFIRMED** in part.

Plaintiffs-Appellants Mary Jane Glowczenski and Jean Griffin,

individually and as the co-Administrators of the estate of the late David

Glowczenski appeal from (1) the district court's Memorandum and Order, dated

March 22, 2012, granting Defendants' Motion to Preclude Plaintiffs' Expert

Witness; (2) the district court's Order, dated June 13, 2012, denying Plaintiffs'

Motion for Reconsideration of the district court's decision of March 22, 2012; (3)

the district court's Memorandum and Order, dated September 28, 2012, denying

Plaintiffs' Motion for Leave to Substitute an expert witness; (4) the district court's

Memorandum and Order, dated March 5, 2013, granting Defendant Taser

International, Inc.'s ("Taser") Motion for Summary Judgment; (5) the district

court's Order, dated August 19, 2013, granting a partial final judgment pursuant

to Federal Rule of Civil Procedure 54(b) in favor of Taser; and (6) the final

judgment as to Taser, dated September 13, 2013. We assume the parties'

familiarity with the underlying facts, procedural history, and issues for review.

3

The district court has not entered a final judgment as to any Appellee except Taser. The issues raised on appeal against the non-Taser Appellees are neither "inextricably intertwined" with any issue properly before us nor "necessary to ensure meaningful review of the district court's ruling." *Swint v. Chambers County Comm'n*, 514 U.S. 35, 51 (1995). We therefore decline to exercise pendant jurisdiction over the non-Taser Appellees. *See Myers v. Hertz Corp.*, 624 F.3d 537, 553 (2d Cir. 2010).

Appellants argue that the district court erred when it excluded the medical causation opinions of forensic pathologist Dr. William Manion and also erred when it denied their motion for reconsideration on the same issue. Upon a thorough review of the record, we conclude that the district court did not abuse its discretion in excluding Dr. Manion as an expert witness, because his opinion lacked a sufficiently reliable scientific basis. *See Boucher v. U.S. Suzuki Motor Corp.*, 73 F.3d 18, 21 (2d Cir. 1996). As the district court noted, Dr. Manion performed minimal research on Taser's ECD technology in preparing his expert opinion, had trouble differentiating between ECD's two operational modes, and could cite no data on the ECD's likelihood of causing muscle contractions. Even after spontaneously amending his testimony to opine that the ECD caused

muscle contractions 'indirectly' by inflicting extreme pain that would cause a person to contract his muscles to avoid the stimulus, he could not explain how or at what point such a reaction to pain could trigger secretions of lactic acid so as to accelerate respiratory compromise. We hold that reconsideration would not "reasonably be expected to alter" the district court's conclusion and thus that the district court did not abuse its discretion. *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 108 (2d Cir. 2013).

Appellants also contend that the district court erred in denying their motion to reopen discovery and to substitute a third, unnamed causation expert for Dr. Manion. Here, Appellants waited nearly six months after learning that Dr. Manion would be excluded, until well after Defendants had been put to the burden of preparing motions for summary judgment, to seek leave to reopen discovery and present a new expert. Even then, Appellants did not identify any expert, or even represent that they had located one, let alone proffer an expert opinion. Moreover, they offered no explanation for their eight-year failure to properly support their causation claims with competent expert testimony. Under these circumstances, the district court acted appropriately within its discretion

when it denied a third bite at the apple.  *See Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997).

Finally, Appellants argue that the district court erred in granting summary judgment to Taser.  Yet Appellants concede that, absent an expert on cause of death, they cannot prevail on either their products liability or wrongful death claims.  We agree with the district court that Appellants' tort claims against Taser fail for want of evidence on causation.  *See El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010).

We have considered Appellants' remaining arguments and find them to be without merit.  For the reasons stated above, the appeal is **DISMISSED** as to all Appellees except Taser.  As to Taser, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk