14-2833-cv
Anthony v. Affiliated Comput. Servs., Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of August, two thousand fifteen.

PRESENT:  GUIDO CALABRESI,
          REENA RAGGI,
          RICHARD C. WESLEY,
                    *Circuit Judges*.

-----------------------------------------------------------------------

VERNON ANTHONY,
                    *Plaintiff-Appellant*,

          v.                                          No. 14-2833-cv

AFFILIATED COMPUTER SERVICES, INC.,
                    *Defendant-Appellee*.

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:     KEVIN CREED, The Creed Law Firm, Bristol, Connecticut.

APPEARING FOR APPELLEE:      SAMUEL ZURIK III, The Kullman Firm, New Orleans, Louisiana.

Appeal from a judgment of the United States District Court for the District of Connecticut (Charles S. Haight, Jr., *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 3, 2014, is AFFIRMED.

Plaintiff Vernon Anthony appeals from a judgment denying his motion to vacate an arbitration award and granting confirmation. On appeal of a challenged confirmation, we review questions of law de novo and findings of fact for clear error. See Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 103 (2d Cir. 2013). We assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision to affirm.

1. Standard of Review

A party seeking to vacate an arbitration award must "clear a high hurdle." Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 671 (2010). Under the Federal Arbitration Act ("FAA"), an award may be vacated only in the following circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).[1]

---

[1] This court has also held that, under § 10 of the FAA, vacatur is appropriate where the award "was rendered in manifest disregard of the law" or "in manifest disregard of the

2

In seeking vacatur, Anthony relies solely on § 10(a)(4), to which we have consistently accorded "the narrowest of readings." Jock v. Sterling Jewelers Inc., 646 F.3d 113, 122 (2d Cir. 2011); see ReliaStar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co., 564 F.3d 81, 85 (2d Cir. 2009). An arbitrator exceeds his authority only by (1) "considering issues beyond those the parties have submitted for [his] consideration," or (2) "reaching issues clearly prohibited by law or by the terms of the parties' agreement." Jock v. Sterling Jewelers Inc., 646 F.3d at 122.

2. The Arbitrator Did Not Exceed Her Authority

Like the district court, we conclude that the arbitrator did not exceed her authority in dismissing Anthony's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"), and Conn. Gen. Stat. § 46a-60(a), based on his failure to file a demand for arbitration within ninety days of receiving the Notice of Right to Sue or Release of Jurisdiction. See 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e); Conn. Gen. Stat. § 46a-101(e). The parties clearly submitted the limitations defense to the arbitrator for her consideration, and there is no contention to the contrary. Moreover, Anthony does not assert that the arbitrator was prohibited by law or by the arbitration agreement from considering the limitations defense. Indeed, defendant's Dispute Resolution Plan ("Plan"), which required Anthony to resolve his employment dispute by

terms of the parties' relevant agreement." Schwartz v. Merrill Lynch & Co., 665 F.3d 444, 451–52 (2d Cir. 2011) (internal quotation marks and alteration omitted) (recognizing that this "judicial gloss" on statutory grounds for vacatur remains valid after Hall Street Assocs., LLC v. Mattel, Inc., 552 U.S. 576 (2008)). We need not address this ground here because Anthony has not raised it.

binding arbitration, contemplates the arbitrator's consideration of a limitations defense. As the arbitrator noted, the Plan, dated November 2010, provides that "the substantive legal rights, remedies, and defenses of all Parties are preserved," Plan ¶ 8(B) (emphasis added), and further states that the Plan "shall not be construed to grant additional substantive, legal, or contractual rights, remedies or defenses which would not be applied by a court of competent jurisdiction in the absence of the Plan, including applicable time periods in which to bring such claims," id. ¶ 8(C) (emphasis added). Thus, the arbitrator did not exceed her authority in considering the limitations defense.

In urging otherwise, Anthony argues that the arbitrator erred in concluding that the ninety-day limitations period applied to the arbitration, thereby rejecting Anthony's argument that the limitations period applies only to civil actions. We are not persuaded. We will uphold an arbitration award "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." Jock v. Sterling Jewelers Inc., 646 F.3d at 122 (internal quotation marks omitted); see also Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. at 671 ("It is only when an arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable." (internal quotation marks and alterations omitted)). Here, the arbitrator was clearly construing the Plan in applying the limitations period: she concluded that Anthony's proposition that the limitations period does not apply in the arbitral forum "contravene[d] the explicit language" of the Plan, S.A. 57, which, as quoted above, provides that the Plan does not

alter the rights or defenses otherwise applicable in "a court of competent jurisdiction . . . , including applicable time periods in which to bring such claims," Plan ¶ 8(C).

Similarly unavailing is Anthony's argument that, even if the limitations period does apply, the arbitrator erred in considering the date on which he filed a demand for arbitration as the relevant date for determining timeliness. Under § 10(a)(4), "we do not consider 'whether the arbitrators correctly decided the issue.'" ReliaStar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co., 564 F.3d at 86 (alteration omitted) (quoting Banco de Seguros del Estado v. Mut. Marine Office, Inc., 344 F.3d 255, 262 (2d Cir. 2003)); see also DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 824 (2d Cir. 1997) ("DiRussa's real objection appears to be that the arbitrators committed an obvious legal error in denying him attorney's fees. Section 10(a)(4) was not intended to apply to such a situation."). Thus, this argument is not a cognizable ground for vacatur.

Anthony also asserts on appeal that defendant waived its limitations defense by failing to raise it within thirty days of the demand for arbitration. To the extent this is a further attempt to demonstrate that the arbitrator exceeded her authority in considering the limitations defense, we agree with defendant that Anthony forfeited this argument because he failed to raise it before the district court. See Otal Inv. Ltd. v. M/V Clary, 673 F.3d 108, 120 (2d Cir. 2012) (declining to consider argument not raised in district court "in light of the well-established general rule that a court of appeals will not consider an issue raised for the first time on appeal").

5

3. Conclusion

We have considered Anthony's remaining arguments and conclude that they are without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court