15-0467-cv (L); 15-2599-cv (Con)
Sexton v. Karam

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May, two thousand sixteen.

PRESENT: ROBERT D. SACK,
REENA RAGGI,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

-----------------------------------------------------------------------

BRYAN SEXTON,
*Petitioner-Appellant,*

v.

Nos.  15-0467-cv (L)
15-2599-cv (Con)

JAKE KARAM, KENT HUGHES, VLADIMIR SHUSHKOVSKY, IAN WINTER,
*Respondents-Appellees.*

-----------------------------------------------------------------------

APPEARING FOR APPELLANT: LESLIE TRAGER, Esq., New York, New York.

APPEARING FOR APPELLEES: MICHAEL H. BAUSCHER (Judith A. Lockhart, *on the brief*), Carter Ledyard & Milburn LLP, New York, New York.

Appeal from a judgment and order of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 23, 2015, and the order entered on August 7, 2015, are AFFIRMED.

Petitioner Bryan Sexton appeals from a judgment of the district court denying his petition to vacate an arbitration award in favor of respondents and, instead, confirming that award.   Sexton also appeals the denial of his motion to vacate judgment under Fed. R. Civ. P. 60(b)(2).   We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Confirmation of Arbitration Award

We review the confirmation of an arbitration award de novo "to the extent it turns on legal questions," and we review underlying factual findings only for clear error. Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003).   In doing so, we are mindful that the "showing required to avoid summary confirmation of an arbitration award is high," Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997), and that confirmation must be ordered "if there is any basis for upholding the decision and if there is even a barely colorable justification for the outcome reached," Bear, Stearns & Co. v. 1109580 Ont., Inc., 409 F.3d 87, 91 (2d Cir. 2005) (alteration and internal quotation marks omitted). Further, under the Federal Arbitration Act, an arbitration award may be vacated only in

2

circumstances involving "corruption, fraud, or some other impropriety on the part of the arbitrators." Wallace v. Buttar, 378 F.3d 182, 189 (2d Cir. 2004) (internal quotation marks omitted); see 9 U.S.C. § 10(a) (listing limited exceptions where courts may vacate arbitration award).

Sexton argues that the award here was a product of fraud and corruption in that the arbitrators corruptly substituted a draft award in his favor with the final award against him. The argument rests on speculation without any basis in record evidence. See Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104, 106 (2d Cir. 2013) (holding that "[e]vidence of [arbitrator] corruption must be abundantly clear in order to vacate an award under § 10(a)(2)"); Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d at 12 (recognizing that party moving to vacate arbitration award bears burden of proof). Indeed, Sexton has not shown that there ever was a draft award in his favor. Rather, the record indicates that, upon Sexton's inquiry, the arbitrators confirmed that the final award was in fact the intended award. Accordingly, we affirm confirmation of the award and denial of Sexton's motion to vacate substantially for the reasons stated by the district court on January 23, 2015.

2.      Rule 60(b) Motion

Insofar as Sexton appeals the denial of his Rule 60(b)(2) motion, we review only for abuse of discretion, which is not evident here. See Johnson v. Univ. of Rochester Med. Ctr., 642 F.3d 121, 125 (2d Cir. 2011).

3

Rule 60(b)(2) allows a court to "relieve a party . . . from a final judgment, order, or proceeding for . . . newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move . . . under Rule 59(b)," i.e., within 28 days of the entry of judgment. See Fed. R. Civ. P. 59(b). Sexton argues that he presented the district court with newly discovered evidence of the arbitrators' impropriety, which could not have been discovered within 28 days of the entry of judgment because (1) his counsel was very busy during that time frame, (2) the relevance of such information was not apparent until after the 28-day window closed, and (3) he might not have been able to obtain the evidence within 28 days in any event.

After reviewing the evidence at issue, we conclude, substantially for the reasons stated by the district court in its thorough and well reasoned opinion, that Sexton did not act with the diligence necessary for Rule 60(b)(2) relief. See Sexton v. Karam, No. 14-cv-8164 (LAK), 2015 WL 4940253, at *5 (S.D.N.Y. Aug. 7, 2015). Although the arbitrators' time records and billing invoices were clearly relevant to Sexton's Rule 60(b)(2) motion, he did not seek those documents until May 4, 2015, three and a half months after the January 23, 2015 entry of judgment. This does not manifest due diligence.

In any event, we agree with the district court that the evidence does not sufficiently evince corruption by the arbitrators to warrant vacating the arbitration award. See id. at *2–4; see also United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 392 (2d Cir. 2001) (recognizing that Rule 60(b)(2) movant must show, among other things, that newly

4

discovered evidence is "of such importance that it probably would have changed the outcome" (internal quotation marks omitted)).  The evidence does not plausibly suggest, much less clearly show, that the arbitrators acted corruptly in denying Sexton's claims and issuing their final award.  Thus, the district court did not abuse its discretion in denying Sexton's Rule 60(b) motion and, accordingly, did not err in denying Sexton further discovery.  See Andros Compania Maritima, S.A. v. Marc Rich & Co., 579 F.2d 691, 702 (2d Cir. 1978) (explaining that post-award discovery regarding arbitrator misconduct is "limited to situations where clear evidence of impropriety has been presented"); accord Luvent Techs. Inc. v. Tatung Co., 379 F.3d 24, 32 (2d Cir. 2004).

3.     Conclusion

We have considered Sexton's remaining arguments and conclude that they are without merit.  We therefore AFFIRM the judgment and order of the district court.

<div style="margin-left: 40%;">
FOR THE COURT:<br>
CATHERINE O'HAGAN WOLFE, Clerk of Court
</div>