*New York City District Council v. Best Made Floors Inc.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand seventeen.

PRESENT:  JOSÉ A. CABRANES,
DEBRA ANN LIVINGSTON,
SUSAN L. CARNEY,
          *Circuit Judges.*

---

NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS,

     *Petitioner-Appellee,*

     *and*

TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS WELFARE FUND, NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION,

     *Intervenors-Petitioners-Appellees,*

     v.

BEST MADE FLOORS INC.,

     *Respondent-Appellant.*

16-4281

---

**FOR PETITIONER-APPELLEE New York
City District Council of Carpenters:**

Lydia Angela Sigelakis, Spivak Lipton LLP, New York, NY.

**FOR INTERVENORS-PETITIONERS-
APPELLEES Trustees of the New York
City District Council of Carpenters
Welfare Fund, New York City District
Council of Carpenters Apprenticeship,
Journeyman Retraining, Educational
and Industry Fund, Trustees of the New
York City Carpenters Relief and Charity
Fund, New York City and Vicinity
Carpenters Labor-Management Corporation:**

Charles R. Virginia III, Todd Dickerson, Virginia & Ambinder, LLP, New York, NY.

**FOR RESPONDENT-APPELLANT:**

J. Michael Gottesman, Kew Gardens, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 22, 2016 corrected judgment of the District Court be and hereby is **AFFIRMED**.

Respondent-appellant Best Made Floors Inc. ("Best Made") appeals from a December 22, 2016 corrected judgment of the District Court confirming two arbitration awards in favor of petitioner-appellee New York City District Council of Carpenters ("Union") and intervenors-petitioners-appellees Trustees of the New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, and New York City and Vicinity Carpenters Labor-Management Corporation (jointly, the "Funds"). Best Made also appeals from the District Court's denial of its motion to vacate a third arbitration award in favor of the Union. Upon review, we affirm the judgment of the District Court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.

Best Made is in the business of installing floor coverings, and sometimes pays its employees in cash. At all relevant times, Best Made was a signatory to a collective bargaining agreement ("CBA") with the Union. In 2013, an employee of Best Made, Jeffrey Tolk, alleged that the company

failed to pay him for 98 hours of work. Pursuant to the CBA, the Union submitted the dispute to arbitration. During the hearing, it emerged that Best Made possibly violated CBA procedures for paying employees, and the Union requested a second hearing to address that issue. Also around this time, the Funds conducted an audit of Best Made's required remittances and requested a separate arbitration hearing to address potential delinquencies.

In all, these disputes resulted in three arbitration hearings and three arbitration awards in favor of the Union and the Funds. On November 3, 2015, the arbitrator found that Best Made failed to pay Tolk for 98 hours of work and ordered, *inter alia*, that Best Made pay $5,399.60 in wages, less statutory deductions ("November 3 Award"). On June 7, 2016, the arbitrator found that Best Made violated CBA procedures for cash payments and ordered, *inter alia*, that Best Made pay a $50,000 penalty ("June 7 Award"). And on August 15, 2016, the arbitrator found that Best Made failed to remit required contributions to the Funds and ordered that Best Made pay the Funds $20,424.55 ("August 15 Award"). Best Made attended only the first hearing, which culminated in the November 3 Award.

In an order dated November 23, 2016, the District Court denied Best Made's motions to vacate the three Awards, and confirmed the November 3 and August 15 Awards. A corrected judgment was entered on December 22, 2016. The corrected judgment confirmed only the November 3 and August 15 Awards, and did not address the June 7 Award. This appeal followed.

After this appeal was filed, on June 10, 2017, the arbitrator issued a new award superseding the June 7 Award ("June 10, 2017 Award"). In the June 10, 2017 Award, the original $50,000 penalty was reduced to $10,000. As of November 29, 2017, no party had moved to confirm or vacate the June 10, 2017 Award.

## II.

On appeal, Best Made argues that the three initial arbitration Awards should be vacated. In support, Best Made contends that: (1) the arbitration procedures were fundamentally flawed; (2) the arbitrator was biased; (3) the Funds provided inadequate notice of a hearing; and (4) the Funds committed fraud. Upon review, we conclude that these arguments are without merit.[1]

Our authority to review a labor arbitration award is "narrowly circumscribed and highly deferential." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 532 (2d Cir. 2016) ("*NFL*"). We may not "review the arbitrator's decision on the merits," but "inquire

---

[1] Best Made also argues that the arbitration that led to the August 15 Award failed to conform to a separate Project Labor Agreement. Because Best Made raises this issue for the first time on appeal, we consider it waived. *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132–33 (2d Cir. 2008).

only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Id.* at 536. Our deference extends to an arbitrator's evidentiary and procedural decisions. *See Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 20 (2d Cir. 1997) (applying a deferential standard in the FAA context); *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 107 (2d Cir. 2013) (same).

Best Made argues that the arbitration was fundamentally unfair because the arbitrator declined to hear two additional phone messages that he regarded as cumulative, and he did not subpoena a Best Made employee to testify. We disagree.[2] A review of the transcripts of the phone messages not admitted into evidence reveals that they were, indeed, cumulative. *See* App'x at 179–80. It is further unclear what probative value, if any, the employee's testimony would have had in an arbitration where Best Made was unable to produce any dispositive evidence, such as certified payroll records. In light of the "great deference" accorded to arbitrators in their evidentiary determinations, *Kolel Beth Yechiel Mechil of Tartikov, Inc.*, 729 F.3d at 107, we conclude that the arbitration proceeding was not fundamentally unfair.

Best Made's other arguments are likewise unpersuasive. The arbitrator exhibited no bias when he advised the parties to settle. Moreover, the Funds provided proper notice of the arbitration proceedings when they sent letters via certified and regular mail to the address Best Made listed in the CBA and registered for accepting service with the New York State Department of State. And the Funds did not commit fraud when they did not present Best Made's own evidence to the arbitrator in Best Made's absence.

Finally, we lack jurisdiction to hear Best Made's appeal of the District Court's denial of its motion to vacate the June 7 Award, because the June 7 Award has been superseded by the June 10, 2017 Award, and no party has sought to confirm or vacate the June 10, 2017 Award.

Upon independent review of the record, and principally for the reasons set forth in the District Court's November 23, 2016 Opinion and Order, we conclude that the District Court properly confirmed the November 3 and August 15 Awards.

---

[2] We assume, for the sake of argument, that there is a "fundamental fairness" requirement applicable to arbitration awards under the LMRA. *But cf. NFL*, 820 F.3d at 545 n.13 ("[W]e have never held that the requirement of 'fundamental fairness' applies to arbitration awards under the LMRA . . . .").

## CONCLUSION

We have reviewed all of the arguments raised by Best Made on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the December 22, 2016 corrected judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk