17-1819-cv
*Pfeffer v. Wells Fargo Advisors, LLC et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of February, two thousand eighteen.

PRESENT:    RALPH K. WINTER,
            GERARD E. LYNCH,
            DENNY CHIN,
                    *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ALBA T. PFEFFER,

                    *Plaintiff-Appellant*,

                    v.                                    17-1819-cv

WELLS FARGO ADVISORS, LLC, ONE WELLS FARGO CENTER, 301 SOUTH COLLEGE STREET, CHARLOTTE, NC 28202, ANDRE MIRKINE, ONE WELLS FARGO CENTER, 301 SOUTH COLLEGE STREET, CHARLOTTE, NC 28202,

                    *Defendants-Appellees*,

FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC., ARBITRATION PANEL,

ONE LIBERTY PLAZA, 165 BROADWAY, 27TH
FLOOR, NEW YORK, NY 10006,

*Defendant*.[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT: Alba T. Pfeffer, *pro se*, Rye Brook, New York.

FOR DEFENDANT-APPELLEE: Sandra D. Grannum, Drinker Biddle & Reath
LLP, Florham Park, New Jersey.

Appeal from the United States District Court for the Southern District of
New York (Briccetti, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

*Pro se* plaintiff-appellant Alba T. Pfeffer ("Mrs. Pfeffer") appeals the district

court's May 24, 2017 judgment, entered pursuant to its May 23, 2017 opinion and order,

denying her motion to vacate an arbitration award, dismissing her complaint, and

granting the motion to confirm the award by defendants-appellees Wells Fargo

Advisors, LLC ("Wells Fargo") and its financial advisor Andre Mirkine.  A three-

member Financial Industry Regulatory Authority ("FINRA") arbitration panel (the

"Panel") dismissed Mrs. Pfeffer's state law claims arising from defendants' failure to

follow her late husband's instructions to transfer all assets from a trust naming his

children as beneficiaries ("children's trust") to a trust naming her as the beneficiary

---

[*]      The Clerk of Court is respectfully directed to amend the official caption to
conform to the above.

("plaintiff's trust"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In 2004, Mrs. Pfeffer's late husband, Murray Pfeffer ("Mr. Pfeffer"), created two revocable trusts -- the children's trust and plaintiff's trust. Mirkine was the Pfeffers' financial advisor, and Wells Fargo maintained both trusts and other personal accounts for the Pfeffers.

In January 2010, Mr. Pfeffer requested by phone and by letter that Mirkine transfer all assets from the children's trust (totaling about $665,000) to plaintiff's trust. At the arbitration hearing, Mrs. Pfeffer explained that her husband requested the transfer because the Pfeffers became concerned about Mirkine's management of the accounts. Mirkine explained that he did not transfer the assets because he became concerned following conversations with Mr. Pfeffer and Mr. Pfeffer's son that Mr. Pfeffer was not competent and was being unduly influenced by Mrs. Pfeffer. After receiving two letters from physicians opining that Mr. Pfeffer was not capable of making financial decisions, Wells Fargo froze both trusts.

In August 2010, following a guardianship proceeding commenced by Mr. Pfeffer's children, the New York State Supreme Court, Westchester County, appointed Mrs. Pfeffer as the guardian of Mr. Pfeffer's "person" and an independent guardian for Mr. Pfeffer's property. After Mr. Pfeffer died in October 2012, the independent guardian distributed the proceeds of each trust to their respective beneficiaries.

On February 2, 2015, Mrs. Pfeffer filed a statement of arbitration claim with FINRA alleging breach of fiduciary duty, breach of contract, negligent misrepresentation, and conversion based on defendants' failure to follow Mr. Pfeffer's January 2010 instructions to transfer the assets from the children's trust to plaintiff's trust. On September 30, 2016, following a five-and-a-half day hearing during which both parties presented testimony and other evidence, the Panel denied Mrs. Pfeffer's claim.

On October 25, 2016, Mrs. Pfeffer filed a complaint challenging the arbitration award, which the district court construed as a motion to vacate the award. On November 21, 2016, defendants moved to dismiss the complaint and confirm the award. The district court confirmed the award and this appeal followed.

On appeal, Mrs. Pfeffer argues that the award was procured by undue means, evident partiality, and misconduct because the Panel was intimidated by defense counsel and refused to consider relevant evidence. She alleges that the Panel exhibited manifest disregard for the law and facts.

When reviewing a district court's decision to confirm or vacate an arbitration award, we review questions of law *de novo* and findings of fact for clear error. *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013). Under the Federal Arbitration Act, a district court may vacate an arbitration award if: (1) the award was procured by "corruption, fraud, or undue means"; (2) the

arbitrators exhibited "evident partiality" or "corruption"; (3) the arbitrators were guilty of "misconduct" such as "refusing to hear evidence pertinent and material to the controversy" or "any other misbehavior" that prejudiced the rights of any party; or (4) the arbitrators "exceeded their powers." 9 U.S.C. § 10(a); *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 350 (2011). This Circuit does not recognize manifest disregard of the evidence as a proper ground for vacating an arbitration panel's award, and will only find a manifest disregard for the law where there is no colorable justification for a panel's conclusion. *Wallace v. Buttar*, 378 F.3d 182, 193 (2d Cir. 2004). "[T]he burden of proof necessary to avoid confirmation of an arbitration award is very high, and a district court will enforce the award as long as 'there is a barely colorable justification for the outcome reached.'" *Kolel Beth Yechiel Mechil of Tartikov*, 729 F.3d at 103–04 (citation omitted).

Upon review, we find no error in the district court's confirmation of the arbitration award. Mrs. Pfeffer failed to meet her "very high" burden to demonstrate that vacatur was appropriate. *Id.* at 103. The transcript of the arbitration reveals no suggestion that the award was produced by undue means, evident partiality, or misconduct. Her allegations that the Panel failed to abate defense counsel's abrasive manner and that it was intimidated by him are belied by the record. Contrary to Mrs. Pfeffer's allegations, the transcript of the proceedings shows that the Panel considered her evidence, understood the issues underlying her claims, and afforded her latitude

- 5 -

because she was proceeding *pro se*. Furthermore, Mrs. Pfeffer has shown nothing to indicate that the Panel manifestly disregarded the law in coming to its conclusion.

We have considered Mrs. Pfeffer's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk