23-7660-cv
*Ivan v. Interactive Brokers, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand twenty-four.

Present:

> ROBERT D. SACK,
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
>     *Circuit Judges*.

---

GABRIEL IVAN,

> *Petitioner-Appellant*,

v.                                                                                          23-7660

INTERACTIVE BROKERS, LLC,

> *Respondent-Appellee*.

---

| | |
|---|---|
| For Petitioner-Appellant**:** | Gabriel Ivan, *pro se*, Gorgota, Romania. |
| For Respondent-Appellee**:** | Jovalin Dedaj, Associate General Counsel, Interactive Brokers LLC, Greenwich, CT. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Appellant Gabriel Ivan, proceeding *pro se*, appeals an order of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Chief Judge*) entered on August 25, 2023, granting Appellee's motion to confirm an arbitration award and denying his motion to vacate the award. Ivan claimed in a Financial Industry Regulatory Authority ("FINRA") arbitration proceeding that Interactive Brokers, LLC ("Interactive Brokers") acted improperly by, among other things, liquidating his accounts during the low-end of the COVID-19 stock market downturn in the spring of 2020. After an extensive hearing, the panel of arbitrators denied Ivan's claims in their entirety, but did not provide any reasoning for its decision. In the district court, Ivan petitioned to vacate the award, while Interactive Brokers cross-petitioned to confirm it. The district court confirmed the award. *Ivan v. Interactive Brokers LLC*, No. 22-CV-3999-LTS, 2023 WL 5509068, at *2–5 (S.D.N.Y. Aug. 25, 2023), *reconsideration denied*, 2023 WL 6466372 (S.D.N.Y. Oct. 4, 2023).[1] After the district court denied his reconsideration motion, Ivan appealed. We assume the parties' familiarity with the case.

We review legal conclusions *de novo* and findings of fact (if any) for clear error. *Kolel Beth Yechiel Mechil or Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013). "The role of a district court in reviewing an arbitration award is narrowly limited and arbitration panel determinations are generally accorded great deference under the Federal Arbitration Act."

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

*Id.* Accordingly, an award will be enforced so long as there is some colorable justification for the outcome. *Id.* at 103–04. By contrast, the grounds for vacatur are narrow, reaching awards that are the product of corruption, evident partiality, misconduct or misbehavior, or where the arbitrators exceeded their jurisdiction. 9 U.S.C. § 10(a).[2] Since Ivan is now *pro se*, his submissions have been liberally construed to raise the strongest arguments they suggest. *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

We agree with the district court's decision to confirm the award and affirm for substantially the same reasons the district court provided. Ivan argues that, among other things, the panel exceeded its authority and violated public policy. But his arguments are conclusory and insufficient to meet the heavy burden of showing that his case fell within the rare statutory or New York Convention exceptions to warrant vacatur. The transcript of the arbitration proceedings, which took place over five hearing sessions, spans 280 pages and includes testimony by Ivan and several witnesses from Interactive Brokers, whom Ivan was able to question. Ivan utilized his ability to introduce evidence and make arguments before the panel. In the text of the award, the panel confirmed that it had reviewed the parties' pleadings, testimony and evidence at a hearing, and post-hearing submissions. Contrary to Ivan's complaints about the panel's lack of reasoning, it is well established that arbitrators do not need to explain their rationale for an arbitral award, at least in the absence of some external requirement that they do so. *See Leeward Constr. Co., Ltd. v. Am. Univ. of Antigua-Coll. of Med.*, 826 F.3d 634, 638 (2d Cir. 2016) ("Generally, the arbitrator's rationale for an award need not be explained."). Here, the arbitration clause of the

---

[2] Since this award arises out of the New York Convention (the "Convention"), the Convention's own defenses are available to Ivan, although the difference here is not meaningful. *See Leeward Constr. Co., Ltd. v. Am. Univ. of Antigua-Coll. of Med.*, 826 F.3d 634, 637–38 (2d Cir. 2016).

customer agreement between Ivan and Interactive Brokers specified that no reasoning would be required, *see* Joint App'x at 54, and the arbitrators do not appear to have made any representations to the contrary. *Cf. Leeward Constr. Co., Ltd.*, 826 F.3d at 638 ("[O]nce the arbitrators stated in the preliminary hearing order that they would provide a reasoned award and neither party objected, a reasoned award was required."). And in any event, we agree with the district court that the record contains a "colorable justification," *see Kolel*, 729 F.3d at 103, for the arbitrators' outcome— namely, that Ivan defaulted, and that the customer agreement authorized the broker to close and liquidate his accounts upon such a default.

We have considered Ivan's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

<div style="padding-left:50%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>

4