13-2141-cv
Lucio v. NYC Dep't of Educ.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of August, two thousand fourteen.

PRESENT: RALPH K. WINTER,
PIERRE N. LEVAL,
GERARD E. LYNCH,
*Circuit Judges.*

---

AMINAH LUCIO,
*Plaintiff - Appellant*,

v.                                                            13-2141-cv

NEW YORK CITY DEPARTMENT OF EDUCATION,
MARIE DOUYON,
*Defendants - Appellees.*

---

| | |
|---|---|
| FOR APPELLANT: | JASON M. WOLF, Wolf & Wolf, LLP, Bronx, New York. |
| FOR APPELLEE NYC DEPARTMENT OF EDUCATION: | Ronald E. Sternberg (Larry A. Sonnenshein, of counsel, *on the brief*) for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York. |
| FOR APPELLEE MARIE DOUYON: | Walter A. Kretz, Jr., Scoppetta Seiff Kretz & Abercrombie, New York, New York. |

Appeal from the United States District Court for the Southern District of New York (Deborah A. Batts, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the district court is AFFIRMED.

Plaintiff-appellant Aminah Lucio ("Lucio") appeals an order of the district court denying her request to vacate or to reconsider the judgment of September 11, 2012, dismissing her complaint, and her request to amend her complaint. We review a district court's denial of a motion to vacate a judgment or for reconsideration of that judgment, as well as a denial of leave to amend, for abuse of discretion. See Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

After Lucio failed to oppose defendant New York City Department of Education's ("DOE") motion to dismiss, the district court dismissed her complaint on a number of grounds, including the untimeliness of her Title VII claim. Lucio subsequently moved for reconsideration or vacatur of the judgment, arguing that her failure to oppose, and a factual misstatement in her complaint that justified the court's dismissal of her Title VII claim, were the result of her former counsel's illness. The district court denied Lucio's motion on the grounds that counsel's illness did not warrant vacating the dismissal, and that the error that led to the dismissal of the Title VII claim was ascribable to the plaintiff, not to the court.

2

We have our doubts about whether this decision was well-advised. We need not decide, however, whether the decision exceeded the broad bounds of the district court's discretion. "This Court . . . is free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." McCall v. Pataki, 232 F.3d 321, 323 (2d Cir. 2000). Assuming arguendo that counsel's illness would justify vacatur of the judgment dismissing Lucio's complaint, we affirm the district court's denial because a review of Lucio's complaint demonstrates that she failed to state a plausible claim to relief under Title VII, 42 U.S.C. § 1981, and New York State and City Human Rights Law, and the district court properly declined to exercise supplemental jurisdiction over her remaining state law tort claims.[1]

A complaint must state a claim that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Aschroft v. Iqbal, 556 U.S. 662, 678 (2009). "[A] dismissal pursuant to Rule 12(b)(6) is, at bottom, a declaration that the plaintiff's complaint and incorporated materials are insufficient as a matter of law to support a claim upon which relief may be granted." Halebian v. Berv, 644 F.3d 122, 130-31 (2d Cir. 2011).

---

[1] In her complaint, Lucio alleged claims for discrimination and hostile work environment in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq, and 42 U.S.C. § 1981, and retaliation in violation of Title VII, Section 1981, and New York State and City Human Rights Law, N.Y. Exec. Law § 296, N.Y.C. Admin. Code § 8-107. She also alleged state law tort claims of Intentional Infliction of Emotional Distress and Negligent Supervision.

Lucio's complaint describes a number of instances when her former supervisor Marie Douyon treated Lucio or her co-workers with hostility or disrespect. The complaint pleads no facts, however, that would allow a court to draw a reasonable inference that Lucio was subjected to any mistreatment or adverse action *because of* her race. See Alfano v. Costello, 294 F.3d 365, 377 (2d Cir. 2002) ("Everyone can be characterized by sex, race, ethnicity, or (real or perceived) disability; and many bosses are harsh, unjust, and rude. It is therefore important in hostile work environment cases to exclude from consideration personnel decisions that lack a linkage or correlation to the claimed ground of discrimination."). In the absence of such allegations, Lucio has failed to plead plausible claims of discrimination or hostile work environment in violation of Title VII and Section 1981. See Hayden v. County of Nassau, 180 F.3d 42, 51 (2d Cir. 1999) ("A disparate treatment claim alleges that the employer treats some people less favorably than others because of race."); Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087-88 (2d Cir. 1993).

Lucio has also failed to state a plausible claim of retaliation under any of the statutory schemes that she invokes, all of which require the plaintiff to have engaged in protected activity of which the employer is aware.[2] See Kelly v. Howard I. Shapiro &

---

[2] We acknowledge that plaintiff's NYCHRL retaliation claim is subject to different and more liberal standards than her federal or NYSHRL retaliation claims. See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 109 (2d Cir. 2013) (Local Civil Rights Restoration Act of 2005 "amended the NYCHRL to require that its provisions be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed" (internal quotation marks and alterations omitted)). Nonetheless, to state a claim of retaliation under NYCHRL, the

Assocs. Consulting Engineers, P.C., 716 F.3d 10, 15 (2d Cir. 2013) ("As to the second element of the prima facie [retaliation] case, implicit in the requirement that the employer have been aware of the protected activity is the requirement that it understood, or could reasonably have understood, that the plaintiff's opposition was directed at conduct prohibited by Title VII." (internal quotation marks and alterations omitted)); see also Hicks v. Baines, 593 F.3d 159, 164 (2d Cir. 2010) (plaintiff's NYSHRL and Section 1981 "retaliation claims are analyzed pursuant to Title VII principles").  Although Lucio alleges that she complained of Douyon's treatment of her to Douyon's supervisor and subsequently received an unsatisfactory rating, Lucio nowhere alleges that she complained that Douyon's treatment was discriminatory.  While it is unnecessary for an individual to specifically invoke the word discrimination when complaining in order to alert her employer to her protected activity, there must be some basis to conclude that the employer was aware that the plaintiff engaged in protected activity.  Additionally, we affirm the district court's denial of leave to amend because "[a] plaintiff need not be given leave to amend if [she] fails to specify

plaintiff must still allege, among other things, that she engaged in protected activity within the meaning of NYCHRL and that her employer was aware that she participated in such activity. See Brightman v. Prison Health Serv., Inc., 970 N.Y.S.2d 789, 791 (2d Dep't 2013); Bendeck v. NYU Hosps. Ctr., 909 N.Y.S.2d 439, 440-41 (1st Dep't 2010).  Plaintiff has pled no facts that tend to suggest that her employer could have been aware that in complaining of Douyon's "treatment," she was opposing a discriminatory practice prohibited by NYCHRL.  Cf. Albunio v. City of New York, 16 N.Y.3d 472, 479 (2011) (plaintiff "opposed" discrimination when she defended her recommendation of a male police officer for a position where "a jury could find that both [the defendant] and [the plaintiff] knew that [the male police officer] was [a discrimination victim], and that [plaintiff] made clear her disapproval of that discrimination by communicating to [defendant], in substance, that she thought [defendant's] treatment of [the male police officer] was wrong").  Furthermore, while plaintiff now claims that her retaliation claim is based on the DOE's failure to re-hire her in various supervisory positions after she filed a complaint with the NYSDHR, her complaint does not allege that her failure to obtain those positions was in any way retaliatory and she does not specify the facts she could plead in good faith to correct this deficiency.

5

either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in [her] complaint." TechnoMarine SA v. Giftports, Inc., — F.3d —, 2014 WL 3408570, at *9 (2d Cir. July 15, 2014).

Lucio also argues that the grounds on which the district court relied to dismiss her complaint were erroneous in a number of respects. Lucio's arguments are unavailing because, even assuming arguendo that we have jurisdiction to review the underlying dismissal order,[3] the order should still be affirmed on the grounds that Lucio failed to plead plausible claims of discrimination, hostile work environment, or retaliation, and the district court properly declined to exercise supplemental jurisdiction over Lucio's state law tort claims.[4]

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] Lucio failed to designate the underlying dismissal order as the order appealed from as required by Federal Rule of Appellate Procedure 3(c). Nonetheless, we may assume the existence of jurisdiction to review the dismissal order because the potential lack of jurisdiction does not present a constitutional question. See Fama v. Commissioner of Corr. Servs., 235 F.3d 804, 816 n. 11 (2d Cir. 2000).

[4] We construe the district court's dismissal, which is arguably ambiguous, as declining, in light of the dismissal of the federal claims, to exercise supplemental jurisdiction over the state law tort claims, and therefore as a dismissal of those claims without prejudice.