Michael **LEIDIG** and Central European News, Ltd.,
Plaintiffs,

v.

**BUZZFEED, INC.,** Defendant.

16 Civ. 0542 (VM)

United States District Court, S.D. New York.

Signed June 15, 2017

398

Harry H. Wise, III, Law Office of Harry H. Wise, III, New York, NY, for Plaintiffs.

Katherine Mary Bolger, Amy Ilana Wolf, Rachel Fan Stern Strom, Levine Sullivan Koch & Schulz, LLP, New York, NY, for Defendant.

## DECISION AND ORDER

VICTOR MARRERO, United States District Judge.

Plaintiffs Michael Leidig ("Leidig") and Central European News Ltd. ("CEN") (collectively, "Plaintiffs"), brought this action against defendant BuzzFeed, Inc.

("BuzzFeed") alleging libel and seeking $5,000,000 in damages in connection with an article (the "Article") published by BuzzFeed regarding Plaintiffs. ("Complaint," see Dkt. No. 1.)

On May 9, 2017, the Court denied Plaintiffs' motion for partial summary judgment. ("May 9 Order," Dkt. No. 47.) By letter dated May 31, 2017, Plaintiffs seek leave to file a motion for reconsideration of the Court's May 9 Order. (See Dkt. No. 48.) Although the letter was not filed within fourteen days as required by Local Rule 6.3, Plaintiffs also request an extension of time to file the motion, pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) ("Rule 6(b)(1)(B)"). The Court now construes Plaintiffs' May 31 correspondence as a motion to extend the time to move pursuant to Rule 6(b)(1)(B) and a motion for reconsideration pursuant to Local Rule 6.3 ("Motion"). For the reasons stated below, the Motion is denied.

## I. DISCUSSION

### A. BACKGROUND

At the outset, Plaintiffs seek an extension of time within which to file the untimely Motion, arguing that the "late application" was due to their counsel's work-related travel and responsibilities stemming from unrelated litigation. (Motion at 1.) Plaintiffs maintain that such delay, "if considered an instance of 'neglect,' which [Plaintiffs] do not believe it was," should be deemed "excusable neglect" for the purposes of the Motion. (Id. at 1–2.)

On the merits, Plaintiffs argue that reconsideration of this Court's May 9 Order, with respect only to the question of whether the Article is defamatory, is warranted because "the Court erred in linking the question of whether the words published defamed plaintiffs ... to the entirely separate questions of whether the words are

false and whether defendant can avail itself of some privilege for protected speech." (Id. at 2 (quotation marks omitted).) Plaintiffs further argue that reconsideration is appropriate because BuzzFeed's opposition to Plaintiffs' motion for partial summary judgment did not argue that the Article was not defamatory, "[s]o it now should be clear that there is no argument that the Article did not defame plaintiffs." (Id. at 3.) Finally, Plaintiffs attach as Exhibit A an email from BuzzFeed, which Plaintiffs acknowledge was intended to be confidential, but argue is probative of BuzzFeed's intent to destroy Plaintiffs' business. (Id. at 3–4.)

By letter dated June 2, 2017, BuzzFeed argues that the Motion should be denied because it was untimely filed; Plaintiffs' tardiness was not due to "excusable neglect"; and Plaintiffs fail to identify " 'controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision.' " ("Opposition," Dkt. No. 49, at 1–2 (original emphasis omitted)(quoting McAvey v. Orange–Ulster BOCES, No. 07 Civ. 11181, 2012 WL 161839, at *1 (S.D.N.Y. Jan. 18, 2012).) BuzzFeed also notes that the confidential email attached to the Motion by Plaintiffs was submitted in violation of the terms of "this Court's protective order for the handling of confidential materials[.]" (Opposition at 3.)

### B. RELEVANT LAW

Reconsideration of a previous order by the court pursuant to Local Rule 6.3 is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F.Supp.2d 613, 614 (S.D.N.Y. 2000). Local Rule 6.3 is intended

to " 'ensure the finality of decisions and to prevent the practice of a losing party ... plugging the gaps of a lost motion with additional matters.' " S.E.C. v. Ashbury Capital Partners, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting Carolco Pictures, Inc. v. Sirota, 700 F.Supp. 169, 170 (S.D.N.Y. 1988)). The provision for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple ...." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation and internal quotation marks omitted).

■ The primary grounds justifying reconsideration are "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (citation and quotation marks omitted); see also Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

Finally, Rule 6(b) (1) (B) provides that the time in which to file motion papers may be extended "for good cause ... on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

## C. APPLICATION

■ The Court finds that Plaintiffs have failed to provide a sufficient basis upon which the Court could find "excusable neglect" warranting an extension of the 14–day period in which to file the Motion pursuant to Rule 6(b)(1)(B). Plaintiffs' Motion cites to counsel's work-related travel and responsibilities beginning May 18 and ending May 25, 2017. However, the 14–day period concluded on May 23, 2017, and the Motion leaves May 9 through May 17— eight out of 14 days within the period to file the motion for reconsideration—unaccounted for. Furthermore, preoccupation with other litigation does not constitute "excusable neglect." See, e.g., Nemaizer v. Baker, 793 F.2d 58, 62 (2d Cir. 1986) (finding that courts in this circuit have "consistently declined to relieve a client ... of the burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court, or his inability to efficiently manage his caseload."); Lucio v. N.Y. City Dep't of Educ. & Marie Douyon, No. 12 CIV. 247, 2013 WL 12084546, at *3 (S.D.N.Y. May 16, 2013) ("A court will not find excusable neglect based upon an attorney's inability to manage his caseload."), aff'd on other grounds, 575 Fed.Appx. 3 (2d Cir. 2014); Gadsden v. Jones Lang Lasalle Americas, Inc., 210 F.Supp.2d 430, 436 (S.D.N.Y. 2002) (citing Mason v. Schriver, No. 96 Civ. 6942, 1999 WL 498221, at *3 (S.D.N.Y. July 13, 1999) and holding that an attorney's preoccupation with other cases is not "excusable neglect"); Mason, 1999 WL 498221, at *3 ("Preoccupation with another trial and mere oversight are not reasons for delay that are sufficient to satisfy the standard for excusable neglect.").

■ Even if Plaintiffs had provided evidence sufficient to support a finding of "excusable neglect," the Motion fails on the merits. The Motion primarily states its disagreement with the May 9 Order without pointing to or presenting new facts, evidence, or intervening legal authority in support of its position that the Court overlooked. Indeed, the authority to which the Motion cites either was al-

ready considered by this Court or is not intervening law compelling a contrary conclusion. Furthermore, the only additional evidence Plaintiffs provide is an email relating to BuzzFeed which appears to have been submitted in violation of this Court's protective order regarding confidential material and which has no bearing on the question on which Plaintiffs seek reconsideration, i.e., whether the Article constitutes defamation. (See Dkt. No. 13.) Accordingly, the Court finds that Plaintiffs have failed to present "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" sufficient to warrant reconsideration of the May 9 Order. Kolel Beth, 729 F.3d at 104. Plaintiffs' Motion is therefore denied.

## II. ORDER

Accordingly, it is hereby

**ORDERED** that the motion of Plaintiffs Michael Leidig and Central European News for an extension of time to move and for reconsideration of this Court's May 9, 2017 Order (Dkt. No. 48) is **DENIED.**

**SO ORDERED.**