Bhatti v. Physician Affiliate Grp. of N.Y., P.C.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand twenty-two.

PRESENT:
> AMALYA L. KEARSE,
> MICHAEL H. PARK,
> ALISON J. NATHAN,
> *Circuit Judges.*

---

HARJINDER BHATTI,

> *Plaintiff-Appellant,*

v.                                                            21-2522

PHYSICIAN AFFILIATE GROUP OF NEW YORK, P.C.,

> *Defendant-Appellee.*\*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | MATTHEW MARKS, Ricotta & Marks, P.C., Long Island City, NY (Thomas Ricotta, *on the brief*). |
| **FOR DEFENDANT-APPELLEE:** | PHILIP W. YOUNG, New York City Law Department, New York, NY (Hon. Sylvia O. Hinds-Radix, Richard Dearing, Clause S. Platton, *on the brief*). |

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff Harjinder Bhatti sued Defendant Physician Affiliate Group of New York, P.C. ("PAGNY"), alleging unlawful retaliation in violation of Title VII, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL") for complaints Bhatti made about her former employer Corizon Health, Inc. ("Corizon"). Bhatti worked for Corizon from 2001 to December 2015 as a physician at Rikers Island. In April 2014, Bhatti filed an Equal Employment Opportunity Commission ("EEOC") charge against Corizon, alleging that Corizon discriminated against her because of her gender by not selecting her for a Physician Central Intake role. In August 2015, Bhatti sued Corizon for gender discrimination, and the parties settled in August 2016. *See Bhatti v. Corizon Health, Inc.*, No. 15-cv-05044 (E.D.N.Y. dismissed Aug. 16, 2016). In January 2016, the City of New York's transition of medical management from Corizon to New York City Health + Hospitals went into effect, with PAGNY taking over physician employment. On May 29, 2018, Bhatti filed this retaliation action against PAGNY. Bhatti alleges that PAGNY retaliated against her because of her EEOC complaint and lawsuit against Corizon by "(1) initially not offering her a position with PAGNY; (2) issuing her two 'negative' evaluations; and (3) terminating her employment with PAGNY" at the end of 2016. Special App'x at 10. The district court granted PAGNY's motion for summary judgment in full because Bhatti failed to establish a prima facie case for retaliation. We assume

the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

To show a prima facie case of retaliation under Title VII, the plaintiff must show: "1) participation in a protected activity; 2) the defendant's knowledge of the protected activity; 3) an adverse employment action; and 4) a causal connection between the protected activity and the adverse employment action." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 844 (2d Cir. 2013) (cleaned up). A defendant's knowledge may be shown through either "general corporate knowledge" of the protected activity or the defendant's agents having knowledge of the protected activity. *See id.* This framework also applies to retaliation claims under the NYSHRL. *See Summa v. Hofstra Univ.*, 708 F.3d 115, 125 (2d Cir. 2013).

Bhatti does not argue on appeal that PAGNY had general corporate knowledge of her complaints. We thus consider this argument waived. *See T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 168 (2d Cir. 2014) (considering an argument forfeited where the parties failed to brief it thoroughly on appeal); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

The only question remaining is whether any of PAGNY's agents had knowledge of Bhatti's complaints. Bhatti argues that circumstantial evidence establishes that her supervisor at Corizon and later at PAGNY, Michael Latunji, knew about her EEOC complaint and lawsuit against Corizon. The parties do not dispute that Bhatti never informed Latunji of either the EEOC charge or lawsuit, that Latunji denied any knowledge of Bhatti's complaints, and that Bhatti herself did not know whether Latunji knew about the complaints. Still, Bhatti argues that (1) inconsistencies in Latunji's testimony, (2) the fact that she made allegations mentioning Latunji by name in the

3

Corizon lawsuit, and (3) the timing of the allegedly retaliatory actions support an inference that Latunji knew about her complaints.

Bhatti's arguments are insufficient to show knowledge under Title VII and the NYSHRL. First, even if there were inconsistencies, Bhatti has not produced any evidence to rebut Latunji's testimony that he did not know about her complaints. *See S. Katzman Produce Inc. v. Yadid*, 999 F.3d 867, 877 (2d Cir. 2021) ("A party opposing summary judgment normally does not show the existence of a genuine issue of fact to be tried merely by making assertions that are based on speculation or are conclusory."). Second, the fact that the EEOC charge and Corizon lawsuit mention Latunji in an allegation is not enough to show Latunji's knowledge. Bhatti conceded that Latunji was never involved in the hiring process for the Physician Central Intake position that was at issue in her EEOC charge. The Corizon lawsuit did not name Latunji as a party. Bhatti argues that Corizon's response to the lawsuit gives rise to an inference that Corizon must have consulted or informed Latunji of the lawsuit. But Corizon's answer to the complaint alone does not permit a reasonable inference that Latunji was informed about a lawsuit by Bhatti against Corizon. Third, Bhatti filed her EEOC charge against Corizon approximately eighteen months before PAGNY made the allegedly retaliatory decision not to hire her and over two years before PAGNY terminated her.[1] She filed the Corizon lawsuit approximately three months before hearing of PAGNY's decision and over a year before PAGNY terminated her. This timing does not support an inference of knowledge, and, even if it did, it would barely support an inference of causation. *See, e.g.*, *Gorman-Bakos v. Cornell Coop. Extension of Schenectady Cnty.*, 252 F.3d

---

[1] Bhatti never alleges when PAGNY first informed her that she would not be hired. The record indicates that Bhatti communicated with her union representative about PAGNY's hiring decision on November 30, 2015. We can infer that PAGNY informed Bhatti of the initial decision on or around November 30, 2015.

545, 554–55 (2d Cir. 2001) (holding that two to three months was sufficient for an inference of causation but noting that there is no bright-line rule).

On her NYCHRL claim, Bhatti has waived any arguments by failing to develop the claim in her opening brief. *See United States v. Botti*, 711 F.3d 299, 313 (2d Cir. 2013) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (cleaned up)). Even assuming that Bhatti did not waive her NYCHRL claim, she cannot show that "as a result" of her "action opposing her employer's discrimination," PAGNY "engaged in conduct that was reasonably likely to deter a person from engaging in such action." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 112 (2d Cir. 2013). The NYCHRL still requires some awareness of the plaintiff's protected activities. *See Lucio v. New York City Dep't of Educ.*, 575 F. App'x 3, 5 n.2 (2d Cir. 2014); *see also Brightman v. Prison Health Serv., Inc.*, 970 N.Y.S.2d 789, 792 (App. Div. 1st Dep't 2013) (analyzing whether there was awareness of plaintiff's protected activities). As discussed above, Bhatti has failed to show that PAGNY had any awareness of her Corizon complaints. We thus affirm the district court's grant of summary judgment on Bhatti's Title VII, NYSHRL, and NYCHRL claims.

\*　　\*　　\*

We have considered all of Bhatti's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5