16-3532-cv
Cooperativa Agraria Industrial Naranjillo Ltda. v. Transmar Commodity Group Ltd.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of May, two thousand eighteen.

Present:    RALPH K. WINTER,
            ROSEMARY S. POOLER,
            DEBRA ANN LIVINGSTON,
                    *Circuit Judges.*

_____

TRANSMAR COMMODITY GROUP LTD.,

            *Respondent-Counter Claimant-Appellee*,

            v.                                              16-3532-cv

COOPERATIVA AGRARIA INDUSTRIAL
NARANJILLO LTDA.,

            *Petitioner-Counter Defendant-Appellee*.

_____

Appearing for Appellant:    Edwin F. Chociey, Jr., Riker, Danzig, Scherer, Hyland & Peretti
                            LLP (Thomas M. Kenny, *on the brief*), New York, N.Y.

Appellee did not appear.

Appeal from the United States District Court for the Southern District of New York (Stanton, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED.**

Appellant Transmar Commodity Group Ltd. appeals from the September 26, 2016 judgment of the United States District Court for the Southern District of New York (Stanton, *J.*), vacating an arbitration award in Transmar's favor under 9 U.S.C. § 10(a)(4). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a district court's decision to confirm or vacate an arbitration award *de novo* on questions of law and for clear error on findings of fact." *National Football League Mgmt. Council v. National Football League Players Association*, 820 F.3d 527, 536 (2d Cir. 2016). "We review *de novo* the district court's legal conclusion that the parties did not contractually bind themselves to arbitrate disputes, and review factual findings underlying those conclusions for clear error." *Aceros Prefabricados, S.A. v. TradeArbed, Inc.*, 282 F.3d 92, 97 (2d Cir. 2002).

On February 4, 2016, an arbitration panel of The Cocoa Merchants' Association of America, Inc. ("CMAA") ruled that Cooperativa Agraria Industrial Naranjillo Ltda. ("Naranjillo") had defaulted on its contractual obligations to deliver cocoa butter to Transmar. It ordered Naranjillo to pay Transmar $2,606,626.60. The award was based on six nearly identical contracts Naranjillo and Transmar entered into on August 30, 2012 for delivery of UTZ Certified cocoa butter over the course of six months in 2013.

The district court vacated the CMAA's award by order of September 22, 2016. *Cooperativa Agraria Industrial Naranjillo Ltda. v. Transmar Commodity Group Ltd.*, No. 16-cv-3356, 2016 WL 5334984 (S.D.N.Y. Sept. 22, 2016) ("*Naranjillo*"). Under the FAA, a court may vacate an arbitral award "only if at least one of the grounds specified in 9 U.S.C. § 10 is found to exist." *Barbier v. Shearson Lehman Hutton Inc.*, 948 F.2d 117, 120 (2d Cir. 1991). The district court relied on Section 10(a)(4), which allows for vacatur, in relevant part, "where the arbitrators exceeded their powers." It found that Naranjillo and Transmar had not actually agreed to arbitrate their disputes before the CMAA or anywhere else, so the CMAA did not have any power to rule on their dispute. *Id.* at *4-6.

In coming to this conclusion, the district court applied New York law. *Naranjillo*, 2016 WL 5334984, at *4. It did so in error. As a contract between the United States and Peru, it is governed by the United Nations Convention on Contracts for the International Sale of Goods ("CISG"). "Generally, the CISG governs sales contracts between parties from different signatory countries" unless the parties clearly indicate an intent to be bound by an alternative source of law. *Delchi Carrer SpA v. Rotorex Corp.*, 71 F.3d 1024, 1027 n.1 (2d Cir. 1995) ("The CISG…is a self-executing agreement between the United States and other signatories…"); Status, United Nations Convention on Contracts for the International Sale of Goods (Vienna, 1980), http://www.uncitral.org/uncitral/en/uncitral_texts/sale_goods/1980CISG_status.html (showing that Peru is a signatory country). Although the CMAA's standard contract contains a choice-of-law provision designating New York law, the parties dispute whether that document is part of these contracts at all. The CMAA's choice of law provision therein therefore cannot guide us.

2

Even if the district court is correct that the "caselaw interpreting the CISG is relatively sparse," *Naranjillo*, 2016 WL 5334984, at \*4 (quoting *Hanwha Corp. v. Cedar Petrochemicals, Inc.*, 760 F. Supp. 2d 426, 430 (S.D.N.Y. 2011)), that fact alone does not warrant substituting New York law for the CISG. In fact, we have specifically that "[b]ecause there is virtually no case law under the [CISG, at least as of 1995], we look to its language and to 'the general principles' upon which it is based." *Delchi*, 71 F.3d at 1027. Moreover, New York law differs from the CISG in several important respects. In particular, Article 8(3) requires courts to give "due consideration" to extrinsic evidence of the reasonable expectations of the parties if their subjective intent is at odds. *See* U.N.C.I.S.G. Art. 8(3), *available at* http://www.uncitral.org/pdf/english/texts/sales/cisg/V1056997-CISG-e-book.pdf; *MCC-Marble Ceramic Center, Inc. v. Ceramica Nuova d'Agostino, S.p.A.*, 144 F.3d 1384, 1389 (11th Cir. 1998) (calling Article 8(3) "a clear instruction to admit and consider parol evidence…"). Moreover, Article 9(2) evinces "a strong preference for enforcing obligations and representations customarily relied upon by others in the industry," which, of course, cannot but be demonstrated through extrinsic evidence. *Geneva Pharmaceuticals Technology Corp. v. Barr Laboratories, Inc.*, 201 F. Supp. 2d 236, 281 (S.D.N.Y. 2002), *rev'd in part on other grounds*, 386 F.3d 485 (2d Cir. 2004); U.N.C.I.S.G. Art. 9(2). New York law, by contrast, has long applied the "four corners rule" that prohibits extrinsic evidence unless the face of the document is ambiguous. *See Kass v. Kass*, 91 N.Y.2d 554, 566-67 (1998).

The district court erred as a matter of law by relying primarily on the face of the contract and the document allegedly incorporated by reference. It should have also considered extrinsic evidence concerning "all relevant circumstances of the case including the negotiations, any practices which the parties have established between themselves, usages and any subsequent conduct of the parties," U.N.C.I.S.G. Art. 8(3), and "a usage of which the parties knew or ought to have known and which in international trade is widely known to, and regularly observed by, parties to contracts of the type" at issue here. U.N.C.I.S.G. Art. 9(2). Because additional fact-finding will be required in order to adduce such evidence, the district court abused its discretion in failing to allow discovery, hold an evidentiary hearing, or both. *See Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013) ("We review a decision to deny an evidentiary hearing for abuse of discretion."). Of course, we express no view as to whether such extrinsic evidence should lead to the same or a different result.

The order of the district court hereby is VACATED and REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk