Walker v. Corizon

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of April, two thousand nineteen.

PRESENT:
> **BARRINGTON D. PARKER,**
> **PETER W. HALL,**
> **CHRISTOPHER F. DRONEY,**
> *Circuit Judges.*

_____

**Kevin Walker,**

> *Plaintiff-Appellant*,

> v.                                                                 **18-967**

**Corizon, Doctor John Doe, Doctor Latunji, Otis Bantum Correctional Center, Doctor John Doe, Otis Bantum Correctional Center, Dora B. Schriro, Former Comm., N.Y.D.O.C., Stephen Wettenstein, Deputy Johnson, Deputy Croskey, Otis Bantum Correctional Center, John Doe, Hearing Captain, Doctor Jane Doe, Otis Bantum Correctional Center, Thomas, Captain, Wright, Correction Officer, Otis Bantum Correctional Center, Earl, Captain, Otis Bantum Correctional Center, Reid, Captain, West Facility (male), Reid, Captain, Otis Bantum Correctional Center, (female), Elam, Captain, P.B.C.C., Simpson, Captain, Former Security Captain, Deochan, Captain, Otis Bantum Correctional Center, Givens, Captain, Otis Bantum Correctional Center, Officer**

**James, Officer   Germain, Jones, Captain, Otis Bantum Correctional Center, Officer   Alverez, Otis Bantum Correctional Center, Officer Smith, Otis Bantum Correctional Center, Grievance, Canady, Otis Bantum Correctional Center, Grievance Coordinator,**

*Defendants-Appellees*,

**Prison Health Services, Inc.,**

*Defendant*.

───────────────────────────────

**FOR PLAINTIFF-APPELLANT:**          Kevin Walker, pro se, White Deer, PA.

**FOR DEFENDANTS-APPELLEES CORIZON, SCHRIRO, WETTENSTEIN, JOHNSON, CORSKEY, THOMAS, EARL, REID (MALE), ELAM, DEOCHAN, GIVENS, GERMAIN, JONES, AND CANADY:**          Scott Shorr, Daniel Matza-Brown, *of Counsel*, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

**FOR DEFENDANTS-APPELLEES LATUNJI, WRIGHT, REID (FEMALE), SIMPSON, JAMES, ALVAREZ, SMITH, AND JOHN AND JANE DOES:**          No appearance.

Appeal from a judgment of the United States District Court for the Southern District of New York (Broderick, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Kevin Walker, proceeding pro se, appeals the district court's order dismissing his 42 U.S.C. § 1983 action against the City of New York, its agents, and its employees as barred by a general release that Walker signed when settling a different lawsuit against the City in *Walker v. Kelly*, S.D.N.Y. 1:11-cv-9610-AT-JCF.   Walker argues that the release may be interpreted not to reach his present claims or, in the alternative, that the City misled him regarding its scope.   We

assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

District courts have the inherent authority to dismiss an action as frivolous. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000). Although we have not decided whether such a dismissal is reviewed de novo or for abuse of discretion, the district court's grounds for dismissing Walker's complaint "easily pass[] muster [even] under the more rigorous *de novo* review." *Id.* at 364 n.2. A district court's interpretation of a contract is reviewed *de novo. See Parks Real Estate Purchasing Grp. v. St. Paul Fire & Marine Ins. Co.*, 472 F.3d 33, 41 (2d Cir. 2006).

The district court properly dismissed Walker's complaint because his claims were barred by the unambiguous language of the release in *Walker v. Kelly*, S.D.N.Y. 1:11-cv-9610-AT-JCF, which encompasses all of Walker's civil rights claims against the City, its employees, and its agents arising prior to July 2015. By its terms, therefore, it covers the claims raised in this action, which arose prior to April 2014.[1] *Walker v. Kelly*, S.D.N.Y. 1:11-cv-9610-AT-JCF, doc. 117-1 ¶ 2. The language limiting the stipulation's admissibility explicitly allows its use to enforce the agreement in other litigation such as this case. *See id.* ¶ 4. Walker's argument that oral statements narrowed its scope is unavailing because the text of the release prohibited oral amendments, *see id.* ¶ 7, and "New York's parol evidence rule generally bars admission of extrinsic evidence to vary or contradict the terms of a fully integrated writing" like the release at issue here, *Topps Co., Inc. v. Cadbury Stani S.A.I.C.*, 526 F.3d 63, 69 (2d Cir. 2008); *see Walker*

---

[1] To the extent that Walker argues that the release is not applicable to the present case because *Walker v. Kelly* involved different defendants, that argument is unpersuasive because the releaseunambiguously includes the defendants in the present case.

*v. Kelly*, S.D.N.Y. 1:11-cv-9610-AT-JCF, doc. 117-1 ¶ 7 (the stipulation "contains all the terms and conditions agreed upon by the parties"). The district court also properly directed Walker to raise any challenge to the release's validity before the court that approved the settlement agreement and explicitly retained jurisdiction over its enforcement. *See In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d 113, 134 (2d Cir. 2011) (when a federal court retains jurisdiction over a settlement agreement, "the proper forum for litigating a breach is that same federal court") (citing *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 381 (1994)).

Walker also argues that the district court erred in declining to grant his motion for default judgment and declining to hold an evidentiary hearing on his motion to vacate the release. We review a district court's rulings on these issues for abuse of discretion. *See Covino v. Vt. Dep't of Corrs.,* 933 F.2d 128, 130 (2d Cir. 1991) (motion for default judgment); *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013) (evidentiary hearing). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, citations, and alterations omitted).

The district court did not abuse its discretion in declining to enter a default judgment against the defendants or hold an evidentiary hearing. The defendants did not, as Walker maintains, "totally ignore pleading[s]" during the 18 months between the filing of the complaint and the defendants' motion for an order to show cause. Instead, the defendants refrained from filing an answer in accordance with the district court's instructions pending Walker's filing an amended complaint. And Walker has not explained how an evidentiary hearing would have

4

addressed the issue that was before the court when it declined to entertain Walker's motion to vacate the release, that is whether the settlement court had retained jurisdiction over the release's enforcement.

We have considered all of Walker's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court