22-734-cv
Kellner v. Amazon.com

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of February, two thousand twenty-three.

PRESENT:
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> BETH ROBINSON,
> *Circuit Judges.*

_____

Jacob Kellner,

> *Plaintiff-Appellant*,

v.                                                                                      22-734

Amazon, Amazon Officers, Directors and Shareholders,

> *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:           Jacob Kellner, *pro se*, Toms
                                   River, NJ.

FOR DEFENDANTS-APPELLEES:           Geoffrey S. Brounell,
                                   Mohammad B. Pathan, Davis
                                   Wright Tremaine LLP, New
                                   York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Donnelly, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Jacob Kellner, proceeding without counsel, petitioned the district court to vacate or modify the arbitration award in his dispute with Amazon and its officers, directors, and shareholders (collectively, "Amazon"), in which he asserted breach of contract and antitrust claims premised on Amazon's termination of his third-party seller account on its platforms. Amazon cross-petitioned to confirm the award. Adopting a magistrate judge's report and recommendation, the district court denied Kellner's petition and granted Amazon's cross-petition. Kellner appeals. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

When reviewing a district court's decision to confirm or vacate an

arbitration award, we review questions of law without deference and findings of fact for clear error. *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013). "The role of a district court in reviewing an arbitration award is narrowly limited and arbitration panel determinations are generally accorded great deference under the Federal Arbitration Act." *Id.*[1]

The Federal Arbitration Act provides four statutory grounds for vacatur, including, as relevant here, "where there was evident partiality" in the arbitrator, where the arbitrator was "guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy," and where the arbitrator "exceeded [her] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(2)–(4). In addition, our circuit has also recognized that a court may, in "exceedingly rare instances," vacate an award if it exhibits a "manifest disregard of the law." *Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004).[2]

---

[1] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, alterations, footnotes, and citations, unless otherwise noted.

[2] Kellner has forfeited any argument regarding modification of the arbitration award by failing to raise the issue in either his objections to the magistrate judge's report and recommendation or his appellate brief. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); *LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (uncounseled litigant abandons issues not addressed in appellate brief).

## A. The Antitrust Claim

Kellner argues that the arbitrator exceeded her powers by deciding his antitrust claims, which he now maintains were in fact within the exclusive jurisdiction of the federal court, despite having presented them to her for arbitration. We have "consistently accorded the narrowest of readings to the FAA's authorization to vacate awards [for exceeding an arbitrator's powers] pursuant to § 10(a)(4)." *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 342 (2d Cir. 2010). Kellner's argument that all antitrust claims are non-arbitrable is foreclosed by decisions of this and the Supreme Court. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 616, 628–40 (1985) (holding that Sherman Act claims "encompassed within a valid arbitration clause in an [international] agreement" were arbitrable); *JLM Indus. Inc. v. Stolt-Nielsen S.A.*, 387 F.3d 163, 179 (2d Cir. 2004) (noting that, after *Mitsubishi*, plaintiff could not "argue that Sherman Act claims *per se* cannot appropriately be resolved by arbitration panels"). Kellner identifies no reason why his particular antitrust claims, which he expressly put to the arbitrator, are not arbitrable. Given his failure to reckon with our caselaw or explain why an antitrust claim of the sort he raises here is not arbitrable, we cannot conclude that the arbitrator exceeded her

4

authority in addressing the antitrust claims he raised.

**B.     Discovery**

The rules governing the parties' arbitration authorized the arbitrator to "require the parties, in response to reasonable document request, to make available to the other party documents" in their control that were "not otherwise readily available" to the party seeking the documents, "reasonably believed . . . to be relevant and material to the outcome of the disputed issues."     AAA Commercial Arbitration Rules and Mediation Procedures, Rule 22(b)(iii) (2013). Kellner asserts that the arbitrator nevertheless wrongly denied his discovery requests claiming that she lacked authority to compel discovery.

The record reflects that the arbitrator explicitly acknowledged her authority to compel discovery under the AAA rules.   And she acted within her authority in declining to do so based on her findings that Kellner's discovery requests were either unreasonable, beyond the scope of the litigation, or protected by confidentiality.   The arbitrator's decision to exercise that authority in a manner different than requested by Kellner is not grounds for vacatur.   Kellner attempts to frame this adverse ruling as grounds for vacatur under sections 10(a)(2) and 10(a)(3), but neither argument is availing.

5

"Evident partiality may be found only where a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration." *Scandinavian Reinsurance Co. Ltd. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 64 (2d Cir. 2012). The only sign of "partiality" that Kellner offers is the arbitrator's decision to sustain Amazon's objections, but "adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning . . . impartiality." *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) (per curiam).

Nor can the discovery ruling be viewed as a refusal to hear pertinent and material evidence, which is grounds for vacatur "only where there is a denial of 'fundamental fairness.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc.*, 729 F.3d at 104 (quoting *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 20 (2d Cir. 1997)). Kellner has not established that the arbitrator's determination amounted to a denial of fundamental fairness. The arbitrator held a hearing in which both parties presented their arguments regarding Kellner's remaining three discovery requests, and she ultimately sustained Amazon's objections, providing a reasoned basis for that decision. We therefore find no reason to vacate the arbitrator's discovery rulings under section 10(a).

## C. Merits of Contract Determination

To the extent Kellner also argues that the arbitrator acted with manifest disregard of the law by ruling in Amazon's favor on his contract claim, we disagree. A litigant seeking to vacate an arbitration award on these grounds "bears a heavy burden" to show "egregious impropriety on the part of the arbitrator," and that there is not even a "barely colorable justification for the outcome reached." *T.Co Metals, LLC*, 592 F.3d at 339. This requires a showing that the arbitrator "knew of a governing legal principle" that was "well-defined, explicit, and clearly applicable to the case," yet "refused to apply [the principle] or ignored it altogether." *Porzig v. Dresdner, Kleinwort, Benson, North America LLC*, 497 F.3d133, 139 (2d Cir. 2007). Kellner cannot make that showing because, at most, he argues the arbitrator misinterpreted the evidence, not that she knowingly misapplied a legal principle. And there is more than a "barely colorable justification" for the arbitrator's reading of the contract, which by its plain language authorized Amazon to terminate Kellner's accounts at any time and for any reason. *T.Co Metals, LLC*, 592 F.3d at 339. While the contract provided that such termination would be accomplished by notice, Kellner does not point to any language requiring the termination notice to take a particular form or be issued

prior to the termination, and Amazon presented evidence that it sent termination notices (in addition to various prior notices related to suspensions and warnings of policy violations). Moreover, that alleged misreading cannot be characterized as a refusal to "hear" evidence, since it is undisputed that the arbitrator considered the contract. 9 U.S.C. § 10(a)(3).

Kellner has not asserted any separate arguments in opposition to the confirmation order, and an arbitration award should be confirmed where, as here, there are no grounds for modification or vacatur. *See* 9 U.S.C. § 9.

We have considered all of Kellner's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court