*MSV Synergy, LLC v. Shapiro*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand twenty-six.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> WILLIAM J. NARDINI,
> ALISON J. NATHAN,
> *Circuit Judges*.

---

MARK BARRON, MSV SYNERGY, LLC,

     *Plaintiffs-Appellees*,

     v.                                  25-77

SAADIA SHAPIRO, SHAPIRO & ASSOCIATES ATTORNEYS AT LAW, PLLC, PAZ GLOBAL VENTURES, LLC,

     *Defendants-Appellants*,

HARLEM SUNSHINE, LLC, HARLEM RESIDENTIAL, LLC, EAST 125TH DEVELOPMENT, LLC, VADIM LEYBEL, CAST CAPITAL LENDING CORP., PETER ZVEDENIUK, ARI FRIEDMAN, BORIS LEYBEL,

     *Defendants*.

---

For Plaintiffs-Appellees:            Kevin Fritz, Meister Seelig & Fein, PLLC., New York, NY.

For Defendants-Appellants Shapiro
and Associates Attorneys at Law,
PLLC, and PAZ Global Ventures LLC:      Marla Shapiro, Shapiro & Associates Attorneys at Law, PLLC, New York, NY.

For Defendant-Appellant Saadia Shapiro:    Saadia Shapiro, *pro se*, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Ramos, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants-Appellants Saadia Shapiro ("Shapiro"), Shapiro & Associates Attorneys at Law, PLLC ("Shapiro & Associates"), and PAZ Global Ventures LLC ("Paz") (collectively "Defendants") appeal from a December 11, 2024 judgment of the United States District Court for the Southern District of New York, confirming an arbitral award of $2,784,606.61 in favor of Plaintiffs-Appellees Mark Barron ("Barron") and MSV Synergy, LLC ("MSV") (collectively "Plaintiffs"). The dispute between the parties arose in relation to three agreements executed in 2020: (1) the Sales and Purchase Agreement ("SPA") in which MSV agreed to purchase 250,000 boxes "of powder free nitrile medical examination gloves" from Paz, App'x 29, (2) the Escrow Agreement between MSV and Shapiro & Associates, and (3) the Guarantee Agreement, executed roughly forty five days after the first two agreements, between Shapiro and Barron.

Plaintiffs first filed suit in federal court in September of 2021. Plaintiffs' Amended Complaint, filed on January 26, 2022, raised claims against Defendant for, *inter alia*, breach of contract and fraud. The district court granted Defendants' motion to compel arbitration of all claims on September 7, 2022, and on June 3, 2024, the arbitrator found Paz and Shapiro jointly

2

and severally liable and awarded Plaintiffs damages with prejudgment interest, administrative fees, and attorney's fees. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to **AFFIRM**.

* * *

"This Court reviews a district court's decision to confirm or vacate an arbitration award *de novo* for questions of law. We review findings of fact for clear error." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013) (citation omitted). "We review *de novo* the district court's application of the manifest disregard standard to an arbitration award." *Seneca Nation of Indians v. New York*, 988 F.3d 618, 625 (2d Cir. 2021) (typeface altered). In determining whether to confirm or vacate an arbitration award, "courts must grant an arbitration panel's decision great deference." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S,* 333 F.3d 383, 388 (2d Cir. 2003). Litigants "petitioning a federal court to vacate an arbitral award bear[] the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law." *Id.* On appeal, Defendants argue that the district court erred in rejecting their arguments that the arbitrator exceeded her powers, denied them due process, and acted in manifest disregard of the law. We disagree.

## I.    The Arbitrator's Authority

The Federal Arbitration Act ("FAA") provides that a court may vacate an award "where the arbitrators exceeded their powers."   9 U.S.C. § 10(a)(4).   "Because the FAA establishes a strong presumption in favor of enforcing an arbitration award, and an award is presumed valid unless proved otherwise, the court's inquiry under Section 10(a)(4) 'focuses on whether the arbitrators had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue.'" *Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co.*, 57 F.4th 372, 382 (2d Cir. 2023) (quoting *Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 220 (2d Cir. 2002)).

Defendants argue that the arbitrator lacked the power to adjudicate claims against Shapiro because he was not a party to the SPA, which contained the arbitration provision.   We agree with the district court's application of judicial estoppel in declining to "depart from its prior holding that all claims related to the SPA, escrow, and guarantee agreements are within the scope of the SPA's arbitration."   *MSV Synergy, LLC v. Shapiro*, No. 21 CIV. 7578 (ER), 2024 WL 4931868, at *8 (S.D.N.Y. Dec. 2, 2024).   "Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him."   *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Davis v. Wakelee,* 156 U.S. 680, 689 (1895)) (alteration accepted).

In their 2022 memorandum of law in support of the motion to compel arbitration, a filing signed by Shapiro in his personal capacity, Defendants stated that "the arbitration provision in the SPA is applicable to the Escrow Agreement and thus the Plaintiff must arbitrate any dispute related to the SPA and the Escrow Agreement."   Supp. App'x 97.   Defendants further argued that

4

because "the SPA, the Escrow Agreement and the Guarantee were part of a global transaction . . . it is foreseeable that the [sic] *Mr. Shapiro* would invoke the arbitration clause." Supp. App'x 98 (emphasis added). Defendants' contention that these statements referred only to the claims ultimately included in Plaintiffs' arbitration demand, a document that did not exist at the time, defies credulity. The memorandum stated that "the Plaintiff has expressly agreed to arbitrate the claims they now impermissibly assert *in the Complaint*," Supp. App'x 97 (emphasis added), and the amended complaint included an array of claims against Shapiro in his personal capacity, including a claim for fraud. In another filing with the district court, Defendants stated "Plaintiffs' claims *including fraud* . . . should be presented to arbitration." Supp. App'x 121 (emphasis added). The district court correctly held that Defendants' position following the issuance of the award was "clearly inconsistent," *New Hampshire*, 532 U.S. at 750, with these prior representations.

Nor do we discern any merit in Defendants' argument that Plaintiffs' arbitration demand otherwise limited the arbitrator's authority to adjudicate a fraud claim against Shapiro. The arbitration provision in the SPA stated that "any dispute . . . shall be resolved by arbitration according to the rules of the American Arbitration Association." App'x 33. Rule 49(a) of the American Arbitration Association Commercial Arbitration Rules and Mediation Procedures provides that the arbitrator "may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties." And, as discussed above, Defendants are judicially estopped from abandoning their prior position that all claims stated in Plaintiffs' complaint were subject to arbitration pursuant to the various agreements.

## II. Fundamental Fairness of the Proceedings

A court may also vacate an award "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(3). Under section 10(a)(3) of the FAA, "[o]ur review is restricted to determining whether the procedure was fundamentally unfair." *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 20 (2d Cir. 1997) (citation omitted).

Defendants argue that the arbitration was fundamentally unfair because the arbitrator ruled that Shapiro was personally liable to Plaintiffs as a participant in the fraud without providing an opportunity to respond. Even assuming *arguendo* that the amended complaint and the evidence presented during the arbitration did not sufficiently place Defendants on notice of the need to address this issue, Defendants have not established that the procedure was fundamentally unfair. Plaintiffs represented to the district court that "Defendants did not seek to submit further evidence concerning Plaintiffs' claim to hold Shapiro personally liable under the SPA, the Escrow Agreement, and/or the Guarantee Agreement." Supp. App'x 151 (Decl. ¶ 21). On appeal, Defendants do not contest this representation or otherwise assert that—prior to the issuance of the award—they sought an opportunity to respond to Plaintiffs' Supplemental Post-Hearing Brief. In light of their failure to do so, they cannot now argue they did not receive "an adequate opportunity to present [their] evidence and argument." *Tempo Shain*, 120 F.3d at 20.

We agree also with the district court's rejection of "Defendants' claims that the Arbitrator ignored, misunderstood, or improperly declined to take judicial notice of certain evidence." *MSV*, 2024 WL 4931868, at *9. As an initial matter, Defendants' disagreement with the arbitrator's interpretation of the evidence does not establish that "the procedure was fundamentally

6

unfair." *Tempo Shain*, 120 F.3d at 20 (quotation marks omitted). And, with respect to Defendants' arguments regarding various newspaper articles, the arbitrator's rejection of that evidence as untimely fell squarely within her "substantial discretion to admit or exclude evidence" and did not, in any case, implicate fundamental fairness. *LJL 33rd St. Assocs., LLC v. Pitcairn Props. Inc.*, 725 F.3d 184, 195 (2d Cir. 2013); *see also Kolel*, 729 F.3d at 107 ("The Panel's decision to hear only one witness does not make the arbitration fundamentally unfair.").

### III.    Manifest Disregard of the Law

"We have held that 'as judicial gloss on the specific grounds for vacatur of arbitration awards' in the FAA, an arbitrator's 'manifest disregard' of the law or of the terms of the arbitration agreement 'remains a valid ground for vacating arbitration awards.'" *Seneca Nation*, 988 F.3d at 625 (quoting *Schwartz v. Merrill Lynch & Co.,* 665 F.3d 444, 451–52 (2d Cir. 2011)) (alteration accepted). Demonstrating that an arbitrator ruled in "manifest disregard" of the law requires showing "something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand or apply the law." *Westerbeke*, 304 F.3d at 208 (quoting *Saxis S.S. Co. v. Multifacs Int'l Traders, Inc.,* 375 F.2d 577, 582 (2d Cir. 1967)). "Rather, 'the award should be enforced, despite a court's disagreement with it on the merits, if there is a *barely colorable justification* for the outcome reached.'" *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010).

Accordingly, "[t]o succeed in challenging an award under the manifest disregard standard, a party must make 'a showing that the arbitrators knew of the relevant legal principle, appreciated that this principle controlled the outcome of the disputed issue, and nonetheless willfully flouted the governing law by refusing to apply it.'" *Seneca Nation*, 988 F.3d at 626 (quoting *Schwartz*, 665 F.3d at 452). "In addition to this 'subjective component,' a finding of manifest disregard

7

requires an objective determination that the disregarded legal principle was 'well defined, explicit, and clearly applicable.'" *Id.* (quoting *Westerbeke*, 304 F.3d at 209).

We reject Defendants' arguments that the arbitrator manifestly disregarded the law through her ruling on fraud and her interpretation of the contract. As discussed above, Defendants declined to make additional legal arguments regarding fraud. Because they did not present their legal arguments on fraud to the arbitrator prior to the issuance of the award, they cannot establish the subjective component of manifest disregard. In any case, we agree with the district court that "[i]n evaluating Shapiro's conduct, the Arbitrator carefully considered Shapiro's obligations under the SPA, escrow, and guarantee agreements, the defenses Shapiro proffered at the evidentiary hearing, and the testimony provided by rebuttal witness Germain." *MSV*, 2024 WL 4931868, at *10. At the very least, the arbitrator's analysis "offers a barely colorable justification for the outcome reached." *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 122 (2d Cir. 2011) (quotation marks omitted).

With respect to interpretation of the contracts, we agree also with the district court that "the Arbitrator meaningfully engaged with the relevant contract provisions and carefully considered their applicability." *MSV*, 2024 WL 4931868, at *11. Defendants thus have likewise failed to meet their burden to establish the arbitrator lacked "a barely colorable justification for [her] interpretation of the contract." *Westerbeke*, 304 F.3d at 222.

\* \* \*

8

We have considered Defendants' remaining arguments and find them to be without merit.[1]

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

---

[1] In addition, we deny Defendants' motion to file a supplemental appendix as moot.